**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION**

| | | |
|---|---|---|
| JAMES POWELL, | } | |
| | } | |
| **Plaintiff,** | } | |
| | } | |
| v. | } | Case No.:  7:17-cv-01205-RDP |
| | } | |
| JEFFERY HOLLOWAY, et al., | } | |
| | } | |
| **Defendants.** | } | |

**MEMORANDUM OPINION**

This case is before the court on Defendant Jeffery Holloway's Motion to Dismiss (Doc. # 7) and Defendant Jon Mills' Motion to Dismiss (Doc. # 12).  The motions have been fully briefed.  (Docs. # 7, 10, 18, 20, 21).  After careful review, and for the reasons explained below, Plaintiff's claims are due to be dismissed with prejudice.

### I.    Background[1]

On July 14, 2015, Defendant Tuscaloosa County Deputy Sherriff Jeffery Holloway ("Holloway") returned to an apartment complex to conduct a follow-up narcotics investigation. (Doc. # 1 at p. 1).  Holloway, Plaintiff, and Plaintiff's unnamed cousin had a conversation about Holloway searching the apartment of Plaintiff's cousin.  (*Id.* at p. 2).  Plaintiff's cousin refused to allow Holloway search her home without a search warrant.  (*Id.*).  Plaintiff alleges that, after

---

[1] "A Rule 12(b)(6) motion questions the legal sufficiency of a complaint; therefore, in assessing the merit of a Rule 12(b)(6) motion, the court must assume that all the factual allegations set forth in the complaint are true." *Mays v. U.S. Postal Serv.*, 928 F. Supp. 1552, 1557-58 (M.D. Ala. 1996).  Thus, for the purpose of resolving Defendant Holloway's Motion to Dismiss (Doc. # 7) and Defendant Mills' Motion to Dismiss (Doc. # 12), the court treats the facts alleged in the Complaint (Doc. # 1) as true.

Holloway became "irate" at Plaintiff, Plaintiff rode his bicycle away from the apartment complex. (*Id.*).

According to Plaintiff, while he was riding his bicycle, an unmarked SUV driven by the West Alabama Narcotics Force drove dangerously close to Plaintiff. (*Id.* at p. 3). Plaintiff claims that Defendant Agent Jon Mills ("Mills"), a law enforcement officer with the West Alabama Narcotics Task Force, opened a door of the SUV onto Plaintiff, causing Plaintiff to fall and sustain injuries. (*Id.*). Following Plaintiff's fall, Plaintiff alleges that Holloway tased Plaintiff. (*Id.*).

On July 18, 2017, Plaintiff filed a Complaint against Defendants Holloway and Mills alleging claims under 42 U.S.C. § 1983. (Doc. # 1). Plaintiff served Defendants on August 21, 2017.[2] (Docs. # 8, 9). On August 23, 2017, Defendant Holloway filed a Motion to Dismiss, alleging that (1) Plaintiff's Complaint is time-barred, (2) Defendant Holloway is absolutely immune, and (3) Defendant Holloway is entitled to qualified immunity. (Doc. # 7). On September 8, 2017, Defendant Mills filed a Motion to Dismiss, alleging that (1) Plaintiff's Complaint is time-barred and (2) Defendant Mills is entitled to qualified immunity. (Doc. # 12). Both Motions to Dismiss are based on Federal Rules of Civil Procedure 12(b)(1)[3] and 12(b)(6). (Docs. # 7, 12).

---

[2] The court notes that there is a question regarding the sufficiency of Defendant Mills' service (*see* Doc. # 12 at p. 2 n.2) but finds this service issue moot due to the alternative grounds that call for dismissal of this action.

[3] Generally, a court considers Rule 12(b)(1) jurisdictional concerns before considering Rule 12(b)(6) arguments. *Jones v. State of Ga.*, 725 F .2d 622, 623 (11th Cir. 1984). In this case, because Defendants' Rule 12(b)(1) arguments are based on lack of subject matter jurisdiction due to immunity, Defendants' 12(b)(1) arguments are "not coextensive with the limitations on judicial power in Article III." *Calderon v. Ashmus*, 523 U.S. 740, 745 n.2 (1998). Furthermore, as plead in the Complaint, it is unclear whether Defendants were acting in their official capacities during their alleged encounters with Plaintiff while Plaintiff was riding his bicycle. (Doc. # 1 at p. 3). Because an immunity analysis requires further information, the court only considers Defendants' statute of limitations arguments at this time.

On September 22, 2017, Plaintiff filed a Response to Defendants' Motions to Dismiss, claiming that Plaintiff's counsel was precluded from timely filing the Complaint because he experienced issues with the filing system. (Doc. # 18 at p. 3-5). Specifically, Plaintiff's counsel alleges that at 9:50 p.m. on Friday, July 14, 2017, he attempted to file the Complaint through the CM/ECF filing system; however, he could not successfully upload the Complaint. (Doc. # 18-1 at p. 2). After additional attempts to upload the pleading, Plaintiff's counsel asked a friend to upload the Complaint; however, she also was unsuccessful in doing so. (*Id.*). Plaintiff's counsel continued to have technical difficulties filing the Complaint throughout the weekend and, although he called the Clerk of Court throughout the weekend, Plaintiff's counsel was not able to contact the Clerk until Monday, July 17, 2017. (*Id.* at p. 2-3). Despite his conversation with the Clerk on Monday, July 17, 2017, Plaintiff's counsel's attempts to upload the Complaint electronically that day were ineffective.[4] Plaintiff's counsel did not file the Complaint until Tuesday, July 18, 2017. (*Id.* at 3). This filing was done electronically. (Doc. # 1).

In his Response to the Motions to Dismiss, Plaintiff contends that Defendant Holloway was on notice of Plaintiff's Complaint before the statute of limitations elapsed because (1) Plaintiff's counsel told Defendant Holloway he intended to sue him after Plaintiff's acquittal of related criminal charges in June 2017 and (2) Plaintiff's counsel contacted Holloway's counsel on July 14, 2017 to notify him that he was filing suit against Holloway. (Doc. # 18 at p. 6). At a hearing held on November 15, 2017, Plaintiff conceded that, unlike Defendant Holloway,

---

[4] At the hearing the court conducted on this matter, Plaintiff's counsel stated that he would have filed the Complaint by hand on Friday, July 14, 2017 if the United States District Court for the Northern District of Alabama had a night depository box (which it does not). When the court asked Plaintiff's counsel why he could not file the Complaint by hand on Monday, July 14, 2017, Plaintiff's counsel stated that he was with his elderly father that day and could not leave his father or have his father ride with him to Birmingham, Alabama due to his father's health problems. Plaintiff's counsel did not explain why he did not make alternative arrangements for delivery of the Complaint or, at minimum, mail the Complaint on Saturday, July 15, 2017 so that it would arrive on Monday, July 17, 2017.

3

Plaintiff did not put Defendant Mills on notice of Plaintiff's intent to file suit.[5] Plaintiff has also indicated his intent to amend the Complaint to include a malicious prosecution claim,[6] asserts Defendants are not entitled to immunity, and contends the Complaint gives Defendants sufficient notice of Plaintiff's claims. (Doc. # 18).

Defendant Holloway and Defendant Mills separately responded on September 28, 2017 and September 29, 2017, respectively. (Docs. # 20, 21). Upon Plaintiff's request (Docs. # 23, 24), the court held a hearing on Defendants' Motions to Dismiss (Docs. # 7, 12) and allowed Plaintiff to further explain why this action is not time-barred.

## II. Standard of Review

The Federal Rules of Civil Procedure require only that the complaint provide "a short and plain statement of the claim showing that the pleaser is entitled to relief." Fed. R. Civ. P. 8(a)(2). However, the complaint must include enough facts "to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Pleadings that contain nothing more than "a formulaic recitation of the elements of a cause of action" do not meet Rule 8 standards, nor do pleadings suffice that are based merely upon "labels and conclusions" or "naked assertion[s]" without supporting factual allegations. *Twombly*, 550 U.S. at 555, 557. In deciding a Rule 12(b)(6) motion to dismiss, courts view the allegations in the complaint in the light most favorable to the non-moving party. *Watts v. Fla. Int'l. Univ.*, 495 F.3d 1289, 1295 (11th Cir. 2007).

To survive a motion to dismiss, a complaint must "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff

---

[5] Regardless of whether Defendants had notice that Plaintiff intended to file a lawsuit against them, simply informing a party of one's intent to sue does not toll the statute of limitations.

[6] However, Plaintiff has not filed an Amended Complaint and has not requested leave from the court to amend his Complaint.

4

pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although "[t]he plausibility standard is not akin to a 'probability requirement,'" the complaint must demonstrate "more than a sheer possibility that a defendant has acted unlawfully." *Id.* A plausible claim for relief requires "enough fact[s] to raise a reasonable expectation that discovery will reveal evidence" to support the claim. *Twombly*, 550 U.S. at 556.

In considering a motion to dismiss, a court should "1) eliminate any allegations in the complaint that are merely legal conclusions; and 2) where there are well-pleaded factual allegations, 'assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.'" *Kivisto v. Miller, Candield, Paddock & Stone, PLC*, 413 Fed. App'x 136, 138 (11th Cir. 2011) (quoting *Am. Dental Assn. v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010)). That task is context specific and, to survive the motion, the allegations must permit the court based on its "judicial experience and common sense . . . to infer more than the mere possibility of misconduct." *Twombly*, 550 U.S. at 556. Further, "courts may infer from the factual allegations in the complaint 'obvious alternative explanation[s],' which suggest lawful conduct rather than the unlawful conduct the plaintiff would ask the court to infer." *Am. Dental*, 605 F.3d at 1290 (quoting *Iqbal*, 556 U.S. at 682). If the court determines that well-pleaded facts, accepted as true, do not state a claim that is plausible, the claims are due to be dismissed. *Twombly*, 550 U.S. at 556.

A statute of limitations defense is an affirmative defense, and a plaintiff is not obligated to negate a timeliness defense within the former corners of his complaint. *La Grasta v. First Union Securities, Inc.*, 358 F.3d 840, 845 (11th Cir. 2004). "A Rule 12(b)(6) dismissal on statute

of limitations grounds is appropriate only if it is facially apparent that the claim is time-barred." *Baker v. Sanford*, 484 Fed. App'x 291, 292 (11th Cir. 2012).

**III.   Analysis**

The statute of limitations in Alabama for § 1983 claims is two years. *Owens v. Okure*, 488 U.S. 235, 249-50 (1989) (holding that § 1983 actions are governed by the residual or general personal injury statute of limitations in states with more than one statute of limitations); Ala. Code § 6-2-38(l) ("All actions for any injury to the person or rights of another not arising from contract and not specifically enumerated in this section must be brought within two years."). "[W]hen a Section 1983 action accrues is a question of federal law." *Mullinax v. McElhenney*, 817 F.2d 711, 716 (11th Cir. 1987) (citing *Rubin v. O'Koren*, 621 F.2d 114, 116 (5th Cir. 1980)). A federal claim does not accrue until "the plaintiff knows or has reason to know of the injury which is the basis of the action." *Corn v. City of Lauderdale Lakes*, 904 F.2d 585, 588 (11th Cir. 1990). Likewise, a federal action does not accrue until "the plaintiff is aware or should have been aware who has inflicted the injury." *Mullinax*, 817 F.2d at 716 (citing *Lavellee v. Listi*, 611 F.2d 1129, 1131 (5th Cir. 1980)).

Plaintiff alleges that the events that form the basis of this action occurred on July 14, 2015. (Doc. # 1). It follows that Plaintiff's § 1983 claims accrued on July 14, 2015 and this action was required to be filed on or before July 14, 2017. *See Mullinax*, 817 F.2d at 716; Ala. Code § 6-2-38(l). Plaintiff does not dispute the two-year statute of limitations period for § 1983 claims; rather, he claims that his counsel was precluded from filing the Complaint within the statute of limitations due to technical difficulties with the court's CM/ECF filing system. (Doc. # 18 at p. 3). The court takes judicial notice that other filings were received through the

CM/ECF filing system between July 14, 2017 and July 17, 2017,[7] the dates which Plaintiff's counsel claims he could not electronically upload the Complaint.

As the Supreme Court has instructed, procedural filing requirements are not mere formalities. *See Baldwin Cty. Welcome Ctr. v. Brown*, 466 U.S. 147, 152 (1984) ("Procedural requirements established by Congress for gaining access to the federal courts are not to be disregarded by courts out of a vague sympathy for particular litigants."). Furthermore, "strict adherence to the procedural requirements specified by the legislature is the best guarantee of evenhanded administration of the law." *Mohasco Corp. v. Silver*, 447 U.S. 807, 826 (1980). Nevertheless, under the doctrine of equitable tolling, a court can "pause a statutory time limit 'when a litigant has pursued his rights diligently but some extraordinary circumstance prevents him from bringing a timely action.'" *California Pub. Employees' Ret. Sys. v. ANZ Sec., Inc.*, 137 S. Ct. 2042, 2050-51 (2017) (citing *Lozano v. Montoya Alvarez*, 134 S. Ct. 1224, 1231-32 (2014)); *see also Menominee Indian Tribe of Wisconsin v. United States*, 136 S. Ct. 750, 755 (2016) ("[A] litigant is entitled to equitable tolling of a statute of limitations only if the litigant establishes two elements: '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.'"). Equitable tolling is an extraordinary remedy which courts are only to apply sparingly. *Horsley v. Univ. of Alabama*, 564 F. App'x 1006, 1009 (11th Cir. 2014) (noting that the Eleventh Circuity has narrowly defined extraordinary circumstances that warrant equitable tolling and "that equitable tolling

---

[7] For instance, the Northern District of Alabama received after-hours electronic filings on Friday, July 14, 2017 around the time Plaintiff's counsel was attempting to file the Complaint. *See In re Blue Cross Blue Shield Antitrust Litig.*, 2:13-cv-20000-RDP (Doc. # 1347 filed at 9:38 p.m. on July 14, 2017); *Fairfield Cmty. Clean Up Crew, Inc. v. Hale*, 2:17-cv-00308-LSC (Docs. # 23 and 24 filed at 11:30 p.m. and 11:51 p.m. on July 14, 2017). Parties continued to electronically file documents with the Northern District of Alabama throughout the weekend. *See McGuire v. Brookwood Med. Ctr. Hosp., Inc.*, 2:17-cv-00552-SGC (Doc. # 4 filed on Saturday, July 15, 2017); *Langley v. Berryhill*, 1:16-cv-02037-JEO (Doc. # 12 filed on Sunday, July 16, 2017). Additionally, multiple filings were received by the court electronically throughout the day on Monday, July 17, 2017. *See, e.g.*, *Hibbett Sporting Goods, Inc. et al. v. Sock & Accessory Brands Global, Inc. et al.*, 2:17-cv-01029-RDP (Doc. # 11); *Lopez-Easterling v. Charter Comm'ns LLC*, 2:14-cv-01493-RDP (Doc. # 99).

typically requires some affirmative misconduct, such as fraud, misinformation, or deliberate concealment").

"Typically, a plaintiff who files late due to his own negligence may not invoke equity to avoid the statute of limitations." *Farris v. United States*, 877 F. Supp. 1549, 1553 (M.D. Fla. 1994). The Administrative Procedures Manual for the Northern District of Alabama District Court's Filing System states, "Technical problems encountered by the filer, such as phone lines, the filer's Internet Service Provider ("ISP"), or hardware or software problems, will not constitute a technical failure under these procedures nor excuse an untimely filing." CM/ECF Administrative Procedures - Civil 01-10-2017 at p. 12. Plaintiff has presented no facts at all which indicate that his counsel's inability to file the Complaint before the statute of limitations elapsed was due to technical problems related to the court's CM/ECF filing system. Indeed, the only conclusion that can be reached on this record is that it was counsel's failures that led to the late filing.

Although the court is sympathetic to Plaintiff's counsel's personal issues and is understanding of attorneys experiencing technical difficulties, Plaintiff's counsel's inability to file the Complaint on Monday, July 17, 2017 (the next business day outside of the applicable statute of limitations) demonstrates that Plaintiff lacked the required diligence necessary to entitle him to the equitable tolling of the statute of limitations.[8] *See Menominee Indian Tribe of Wisconsin*, 136 S. Ct. at 755. The court also notes that Plaintiff's counsel is not unfamiliar with experiencing technical difficulties when using the court's CM/ECF filing system as, in an unrelated case before this court, Plaintiff's counsel also failed to meet deadlines due to technical

---

[8] Furthermore, to date, Plaintiff has not filed a motion asking the court to accept the Complaint as timely or to toll the applicable statute of limitations for this case. Rather, Plaintiff addressed these statute of limitations concerns by (1) responding to Defendants' Motions to Dismiss and explaining that "Plaintiff's counsel was precluded from filing [the] Complaint due to issues experienced with the filing system on July 14, 2017" and (2) requesting a hearing on the Motions to Dismiss. (Docs. # 18 at p. 3; 23).

problems. *See Lawson v. ST Bunn Construction Co. Inc.*, 7:12-cv-02072-RDP (Doc. # 28). Because Plaintiff failed to exercise diligence in preserving his § 1983 claims against Defendants, these claims are time-barred and due to be dismissed. *See, e.g., Strickland v. Wayne Farms-Southland Hatchery*, 132 F. Supp. 2d 1331, 1333 (M.D. Ala. 2001) ("When counsel elects to file his complaint near the end of the statute of limitations . . . he runs the risk of untimely filing."); *Chiacchiarini v. Lowndes Cty., Georgia*, No. 7:17-cv-2, 2017 WL 2951606 (M.D. Ga. July 10, 2017) (finding that a §§ 1983, 1985, and 1986 complaint was time-barred because it was filed one day outside of the applicable statute of limitations due to technical difficulties).

## IV. Conclusion

For the reasons outlined above, Defendants' Motions to Dismiss (Docs. # 7, 12) are due to be granted.[9] Because Plaintiff cannot resurrect his untimely claims in an amended complaint, Plaintiff's § 1983 claims (which are the only claims he has brought in this pending action) are due to be dismissed with prejudice. An Order consistent with this Memorandum Opinion will be entered.

**DONE** and **ORDERED** this November 21, 2017.

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE

---

[9] To be clear, the court need not decide -- and does not decide -- whether Defendants are entitled to absolute immunity or qualified immunity. The court's holding is based solely on the fact that "it is facially apparent that [Plaintiff's] claim[s] [are] time-barred." *Baker*, 484 Fed. App'x at 292.